**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| **DESHAWN L. DAVIS,** | Case No. CV 17-3903-DDP(AJW) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER DISMISSING PETITION** |
| **THE PEOPLE OF THE STATE OF CALIFORNIA,** | |
| Respondent. | |

In 2007, petitioner was convicted of two counts of burglary and sentenced to twelve years in state prison. [Petition at 2]. In 2016, petitioner filed a petition for reduction of his sentence in the California Superior Court pursuant to Proposition 47.[1] The Superior Court denied petitioner's request on April 28, 2016. [Petition at 3].

On May 24, 2017, petitioner filed a petition for a writ of habeas corpus in this Court. The petition challenges the Superior Court's denial of his request for resentencing. For the following reasons, the

---

[1] Proposition 47, which is codified at section 1170.18 of the California Penal Code, became effective on November 5, 2014. It permits resentencing of prisoners who are serving a sentence for a felony conviction if the offense would have been a misdemeanor if Proposition 47 had been in effect at the time of the offense. Cal. Penal Code § 1170.18(a).

petition is subject to summary dismissal.[2]

Federal habeas corpus relief is available only when a petitioner has been convicted or sentenced in violation of the Constitution, laws, or treaties of the United States; it is not available for errors in the interpretation or application of state law. Swarthout v. Cooke, 562 U.S. 216, 219 (2011); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Petitioner does not allege that he has been deprived of any federally protected right. Instead, his claims are based solely upon alleged errors of state law. As a result, the petition fails to state a cognizable federal claim for relief. See Myles v. Rackley, 2016 WL 6298408, at *2 (E.D. Cal. Oct. 27, 2016) (rejecting Proposition 47 claims on the ground that "[f]ederal habeas corpus relief is unavailable for alleged errors in the interpretation or application of state sentencing laws by a state court"), report and recommendation adopted, 2016 WL 7212801 (E.D. Cal. Dec. 12, 2016) ; Adams v. Borders, 2016 WL 4523163, at *3 (C.D. Cal. July 29, 2016)("The fact that Petitioner may be attempting to characterize his claim concerning resentencing under Proposition 47 as a federal constitutional claim ... is not sufficient to render it cognizable."), report and recommendation adopted, 2016 WL 4520906 (C.D. Cal. Aug. 29, 2016).

Even if petitioner's allegations were construed as raising a cognizable federal claim, no such claims have been exhausted. A state prisoner is required to exhaust all available state court remedies before a federal court may grant habeas relief. See 28 U.S.C. §

---

[2] Rule 4 of the Rules Governing Section 2254 Cases provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition ...."

2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Exhaustion requires that a petitioner "fairly present" his federal claims to the highest state court available. Davis v. Silva, 511 F.3d 1005, 1008 (9th Cir. 2008). Petitioner has never presented any claim challenging the denial of resentencing to the California Supreme Court.

For the foregoing reasons, the petition for a writ of habeas corpus is dismissed with prejudice. See Givens v. Muniz, 2017 WL 387258, at *3 (E.D. Cal. Jan. 26, 2017) (dismissing with prejudice a petition challenging the state court's denial of resentencing under Proposition 47 because such a claim failed to state a cognizable federal claim).[3]

**It is so ordered.**

Dated: September 13, 2017

_____
Dean D. Pregerson
United States District Judge

---

[3] In addition, the Court notes that it appears that petitioner is not entitled to resentencing under Proposition 47 because the law applies only to certain drug offenses codified at Cal. Health and Safety Code §§ 11350, 11357, and 11377; shoplifting codified at Cal. Penal Code § 459.5; forgery codified at Cal. Penal Code § 473; fraudulent checks codified at Cal. Penal Code § 476a; receipt of stolen property codified at Cal. Penal Code § 496; and petty theft codified at Cal. Penal Code § 666. See Cal. Penal Code § 1170.18(a); Lopez v. Superior Court of California Cty. of Los Angeles, 2015 WL 8479227, at *2 (C.D. Cal. Oct. 29, 2015), report and recommendation adopted, 2015 WL 8374900 (C.D. Cal. Dec. 8, 2015). However, the offenses to which petitioner pleaded guilty – two counts of second degree burglary in violation of section 459 of the California Penal Code – are not among the enumerated offenses to which Proposition 47 applies.

3

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DESHAWN L. DAVIS,<br><br>    Petitioner,<br><br>  v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | Case No. CV 17-3903-DDP(AJW)<br><br><br><br>JUDGMENT |

**It is hereby adjudged** that the petition for a writ of habeas corpus is dismissed with prejudice.

Dated: _____

 

_____
Dean D. Pregerson
United States District Judge